NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1583
_____

UNITED STATES OF AMERICA

v.

ALEX MGBOLU,
                    Appellant


_____


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-12-cr-00232-001)
District Judge: Honorable Christopher C. Conner)
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 6, 2018

Before: CHAGARES, SCIRICA, and COWEN, <u>Circuit Judges</u>

(Opinion Filed: April 12, 2018)


_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Alex Mgbolu pled guilty to one count of Conspiracy to Commit Mail Fraud, Wire Fraud, and Money Laundering in violation of 18 U.S.C. § 371 and was sentenced to 60 months' imprisonment. Mgbolu appeals, arguing his sentence should be vacated because the District Court did not give meaningful consideration to all of the § 3553(a) factors or reasonably apply the factors to the particular circumstances of his case. Because this contention is contradicted by the record, which demonstrates the court carefully considered the applicable § 3553(a) factors and reasonably applied them at sentencing, we will affirm.

## I.

Between 2002 and 2010, Mgbolu operated a money transfer business in Toronto, Canada, through which he processed and cashed numerous fraud-induced money transfers.[1] Mgbolu used fictitious identification data to protect the anonymity of the individuals conducting the fraudulent schemes and received approximately seven to ten percent of the proceeds for his services. The government's investigation identified over 800 victims of the schemes he was involved in and total attributable losses of approximately $2,127,410.00.

On August 8, 2016, after entering into a plea agreement with the government, Mgbolu pled guilty to Count One of a 30-count indictment: Conspiracy to Commit Mail

---

[1] Because we write for the parties, we set forth only those facts necessary to our disposition.

2

Fraud, Wire Fraud, and Money Laundering in violation of 18 U.S.C. § 371.[2] After applying a three-level downward adjustment for acceptance of responsibility, the Presentence Investigation Report calculated Mgbolu's Total Offense level as 29 and his Criminal History Category as I. Mgbolu's resulting Guideline range was 87–108 months, but this was reduced to the statutory maximum of 60 months. *See* U.S.S.G. § 5G1.1(a).

Prior to sentencing, Mgbolu's counsel submitted an extensive memorandum seeking a below-Guideline sentence based on the factors set forth in 18 U.S.C. § 3553(a). With regard to the nature and circumstances of the offense and Mgbolu's history and characteristics, § 3553(a)(1), counsel presented a litany of arguments relating to: the unique challenges Mgbolu had overcome in his personal life, particularly his impoverished upbringing and political refugee status; his family circumstances, particularly his wife's medical issues and the strain incarceration would place on his family; the non-violent nature of the offense; the loss of Mgbolu's business reputation and reputation in the community; and Mgbolu's good deeds in the Toronto community. Regarding the need for the sentence imposed, § 3553(a)(2), counsel argued Mgbolu had already received punishment based on his arrest and pre-trial release in Canada for the same conduct and that his Canadian citizenship would result in more severe

_____

[2] Mgbolu was indicted on September 12, 2012. Because he was involved in Canadian proceedings, which were stayed so that the United States could proceed with extradition, he did not appear and enter an initial not guilty plea until April 26, 2016.

incarceration.[3] Lastly, counsel argued that under § 3553(a)(7), Mgbolu would be in a better position to pay restitution if he were in Canada, but the rationale for this argument was not further explained.

At sentencing, the District Court commended counsel for the extremely "thorough" memorandum, commenting that it allowed the court to know Mgbolu "much better." App. 130. The court also heard argument from Mgbolu's counsel, in which some but not all of the § 3553(a) arguments were reiterated, and testimony from three witnesses, including Mgbolu's wife and her uncle. While acknowledging that Mgbolu had "presented a great deal of mitigating evidence," App. 159, on February 23, 2017, the District Court sentenced Mgbolu to the Guideline recommendation (and statutory maximum) of 60 months' imprisonment and ordered that he pay $1,372,602.26 in restitution.[4] In explaining its sentence, the court stated it had considered "the history and characteristics of Mr. Mgbolu, the difficulty of his upbringing, and the manner in which he fled his country and relocated to Canada," in addition to "his family conditions, the medical matters that he has raised . . . . his lack of significant criminal history and . . . the issue of sentencing disparity," but found the sentence necessary because the offense "took place over an extended period of time," involved substantial amounts of money and many victims, and "involved a level of sophistication that wasn't simply a momentary

---

[3] Specifically, counsel argued that because he was extradited he would not get the benefit of voluntary surrender and its "positive impact on prison classification." App. 78.

[4] The original amount of loss attributable to Mgbolu was offset by reimbursements made to victims through a settlement with another entity involved in the fraud.

lapse in judgement." App. 160. The court also noted Mgbolu had benefitted from the plea agreement with the government.

As noted, Mgbolu now appeals his 60-month sentence of imprisonment, arguing it was procedurally and substantively unreasonable.[5] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1).

**II.**

In reviewing the sentence imposed by a district court, our inquiry is two-fold. First, we examine the procedural reasonableness of the sentence to ensure the district court committed no "significant procedural error." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). Such an error might include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). If the district court committed procedural error, we remand for re-sentencing. *See, e.g.*, *United States v. Merced*, 603 F.3d 203, 214 (3d Cir. 2010). If the district court's procedures were sound, "we proceed to examine the substantive reasonableness of the sentence." *Id.*

Mgbolu challenges his sentence on both procedural and substantive grounds. But, as described below, the record demonstrates that the court "considered the parties'

---

[5] Mgbolu also argued in initial briefing that the District Court abused its discretion by failing to apportion restitution between himself and the two entities for which he processed the money transfers, but he subsequently withdrew this argument.

5

arguments" and the relevant sentencing factors and had "a reasoned basis" for the sentence imposed. *Rita v. United States*, 551 U.S. 338, 356 (2007). We see no basis to vacate the court's sentence and will affirm.

**A.**

We first turn to Mgbolu's contention that his sentence was procedurally unreasonable because the District Court did not address all of his arguments at sentencing or all of the § 3553(a) factors he raised. Generally, we review the procedural reasonableness of a sentence under the abuse of discretion standard. *See, e.g.*, *Merced*, 603 F.3d at 214. But a defendant must bring a procedural error to the district court's attention at the time the procedural error is made. *See United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). Where, as here, the defendant failed to do so, we review for plain error.[6] *Id.*

In *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006), we set forth a three-step framework for sentencing. After calculating the defendant's Guidelines, as it would have done pre-*Booker*, and ruling on any departure motions, a district court must "exercise [its] discretion by considering the relevant § 3553(a) factors." *Id.* (internal quotation marks, citation, and alterations omitted). In this final step, the district court

---

[6] Under the familiar plain error standard, "[a]n error is plain if it is 'clear' or 'obvious,' 'affects substantial rights,' and 'affects the fairness, integrity or public reputation of judicial proceedings.'" *Flores-Mejia*, 759 F.3d at 259 (quoting *United States v. Dragon*, 471 F.3d 501, 505 (3d Cir. 2006)). "[A]n error affects substantial rights when it is prejudicial, i.e., it 'affected the outcome of the district court proceedings.'" *Dragon*, 471 F.3d at 505 (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)).

must give "meaningful consideration" to all of the statutory factors in 18 U.S.C. § 3553(a), *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006), and consider "any properly presented sentencing argument which has colorable legal merit and a factual basis," *United States v. Ausburn*, 502 F.3d 313, 329 (3d Cir. 2007).

There are, however, "no magic words that a district judge must invoke when sentencing." *Cooper*, 437 F.3d at 332. Sentencing courts need not discuss each of the § 3553(a) factors "if the record makes clear the court took the factors into account in sentencing," *id.* at 329, and "while the record must be adequate for review, it need not be perfect," *Ausburn*, 502 F.3d at 328; *see also Rita*, 551 U.S. at 339 ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."). "[C]ontext and record are important in determining whether the sentencing judge considered the evidence and arguments." *United States v. Thornhill*, 759 F.3d 299, 314 (3d Cir. 2014) (internal quotation marks and citation omitted).

Mgbolu challenges the court's analysis under the third sentencing step. First, Mgbolu contends he presented several arguments under § 3553(a)(l) and (a)(2) that the court did not discuss when it explained the basis for his sentence. Specifically, Mgbolu points to the court's failure to discuss on the record: the loss of his business reputation; the separation from his family that would be caused by his incarceration; the various effects his Canadian citizenship would have on his incarceration; the nonviolent nature of

his offense; ██████████████████████████ While it is true a court may not

"ignore a colorable argument raised by a party if it concerns the applicability of one the §

3553(a) factors," *Thornhill*, 759 F.3d at 311, the record confirms that the court

considered the applicable § 3553(a) factors and the arguments raised by counsel.

In arguing procedural error, Mgbolu primarily relies on our decision in *United*

*States v. Olhovsky*, 562 F.3d 530 (3d Cir. 2009). There, the defendant appealed his

six-year sentence for possessing child pornography, arguing the district court had not

adequately considered all of the § 3553(a) factors and had instead unduly emphasized the

need to punish, deter, and protect society. *Id.* at 547. We agreed, and remanded for

re-sentencing, because it was not apparent from the record "that the court actually

considered the lengthy, very specific and highly positive reports of any of the three

defense experts. Rather, the court focused on incapacitation, deterrence and punishment

to the exclusion of other sentencing factors." *Id.* We found the court's characterization of

the evidence before it "inaccurate and unfair," *id.* at 543, and the sentence "inconsistent

with all of the psychological testimony," *id.* at 548. Ultimately, we found it "exceedingly

difficult to review th[e] sentencing transcript without becoming convinced that the

district court was so appalled by the offense that it lost sight of the offender." *Id.* at 547.

---

██ ███████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████

*Olhovsky* offers a stark contrast from this case. Significantly there, the record did not reflect a consideration of the defendant's history and characteristics as required by § 3553(a)(1). Here, context and the record demonstrate that the court considered all of Mgbolu's arguments, particularly those pertaining to his history and characteristics. For example, the court made clear its review of Mgbolu's "thorough" sentencing memorandum and commended counsel's written advocacy. App. 130. The court even expressed its view that it knew Mgbolu "much better" after reading the memorandum. *Id.* In explaining its sentence, the court also made explicit its recognition that Mgbolu had "presented a great deal of mitigating evidence," App. 159, that it was "taking all of [Mgbolu's arguments] into consideration," *id.*, and its understanding that it needed to "make an individualized assessment based on the facts presented in Mr. Mgbolu's case," App. 129.

Furthermore, while the court did not explicitly reference some of Mgbolu's specific arguments as to why § 3553(a)(l) and (a)(2) warranted a lesser sentence, our precedent does not require so much of the trial judge. *See, e.g.*, *Thornhill*, 759 F.3d at 314 ("After advising the parties that he was fully aware of Thornhill's history and her characteristics and that he had reviewed her extensive files, the District Judge emphasized the need for structure in the sentence he must impose."). "[I]f a party raises a colorable argument about the *applicability of one of the § 3553(a) factors*, the district court may not ignore it." *Merced*, 603 F.3d at 215 (emphasis added). But, as Mgbolu

concedes,[8] the court clearly considered the applicability of § 3553(a)(l) and (a)(2) to the circumstances of Mgbolu's case, stating its consideration of "the history and characteristics of Mr. Mgbolu, the difficulty of his upbringing, and the manner in which he fled his country and relocated to Canada," in addition to "his family conditions, the medical matters that he has raised . . . . his lack of significant criminal history and . . . the issue of sentencing disparity." App. 160.[9] At the same time, however, the court also noted that the offense "took place over an extended period of time," involved substantial amounts of money and many victims, and "involved a level of sophistication that wasn't simply a momentary lapse in judgement." *Id.*

Mgbolu contends that "[m]erely reciting the § 3553(a) factors, saying that counsel's arguments have been considered, and then declaring a sentence" will not suffice. *United States v. Jackson*, 467 F.3d 834, 842 (3d Cir. 2006). But that is not what the District Court did here. And, the "court's failure to give [certain] factors the weight [Mgbolu] contends they deserve" does not mean that those factors were not considered. *United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007).

---

[8] Specifically, Mgbolu admits "[t]he District Court did discuss section 3553(a)(l) and (2) in broad terms and also mentioned some, but not all, of the mitigating arguments that Mr. Mgbolu raised under those factors." Appellant's Br. at 23 n. 2.

[9] Thus, the court explicitly addressed Mgbolu's separation from his family. The record also demonstrates the court discussed with counsel at sentencing the effects Mgbolu's Canadian citizenship would have on his incarceration and Mgbolu's cooperation with federal authorities.

Mgbolu also contends the District Court erred because it did not make reference to § 3553(a)(7) ("the need to provide restitution to any victims of the offense") when imposing his sentence. The record does not reflect explicit recognition of this factor. But, the record as a whole satisfies us that the court "considered the parties' arguments." *Rita*, 551 U.S. at 339. The sentencing court need not "make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." *Jackson*, 467 F.3d at 841. Moreover, a court is obligated to respond only to "properly presented" sentencing arguments. *See Ausburn*, 502 F.3d at 329. Mgbolu's § 3553(a)(7) argument—that he would be in a better position to pay restitution if he were in Canada—was a passing, conclusory statement in the sentencing memorandum and was not presented by counsel at the sentencing hearing. We find no error, let alone plain error, in the court's failure to address this argument explicitly on the record.

Lastly, Mgbolu argues more generally that the District Court's sentence was procedurally unreasonable because the court did not explain how his sentence met the objectives outlined in § 3553(a)(2). Specifically, Mgbolu contends the court failed to explain how the statutory maximum sentence was sufficient, but not greater than necessary, to promote respect for the law or protect the public.

Failing to "adequately explain the chosen sentence" can constitute significant procedural error. *Gall*, 552 U.S. at 51; *see also Merced*, 603 F.3d at 214. The extent of the explanation required, however, is influenced by whether the court has varied from the Guidelines range. *See Merced*, 603 F.3d at 216. There is no "mathematical formula" for assessing the adequacy of a district court's explanation but we "may look for a more

11

complete explanation to support a sentence that varies from the Guidelines than we will look for when reviewing a sentence that falls within a properly calculated Guidelines range." *United States v. Levinson*, 543 F.3d 190, 196–97 (3d Cir. 2008); *see also Gall*, 552 U.S. at 50 ("[A] major departure should be supported by a more significant justification than a minor one."). "Courts need only state adequate reasons for a sentence on the record so that [we] can engage in meaningful appellate review. In sum, we will not elevate form over substance." *Dragon*, 471 F.3d at 505–06 (internal quotation marks and citations omitted) (alteration in original).

Applying these principles to Mgbolu's Guideline-recommended sentence, Mgbolu has again failed to demonstrate any procedural error in the method by which his sentence was imposed. The court adequately explained that the sentence was necessary because Mgbolu's crime was "a serious fraud that was committed over an eight-year period of time, causing substantial losses to numerous victims." App. 160–61. Further, the court's discussion of the sentencing factors and particular circumstances of the case satisfies us that the court considered all of the parties' arguments and imposed a procedurally reasonable sentence. We see no error, let alone plain error.

**B.**

Finding no procedural error, we next turn to Mgbolu's contention that it was substantively unreasonable for the District Court to impose the statutory maximum sentence. Mgbolu points to the mitigating evidence he presented and argues the court "lost sight of the parsimony provision" by "focusing on the charge bargain and giving undue weight to the Guidelines." Appellant's Br. at 30.

12

We review the substantive reasonableness of a district court's sentence for abuse of discretion. *See, e.g.*, *Tomko*, 562 F.3d at 564. Substantive reasonableness requires the district court to apply the § 3553(a) factors reasonably to the circumstances of the case, *see United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007), and asks "whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors," *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006). In this inquiry, we are guided by the recognition that "[t]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case." *Id.* at 561 (quoting *Gall*, 552 U.S. at 51) (alteration in original). Thus, our review is "highly deferential," *Bungar*, 478 F.3d at 543, and we will affirm a district court's sentence "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided," *Tomko*, 562 F.3d at 568.

Reviewing the record here, we cannot conclude that no reasonable court would have imposed the statutory maximum taking into account the mitigating evidence Mgbolu presented. As an initial matter, the statutory maximum was the Guideline recommendation. (In fact, Mgbolu's initial range was calculated to be 87–108 months— significantly higher than the statutory maximum.) "[I]t is less likely that a within-guidelines sentence, as opposed to an outside-guidelines sentence, will be unreasonable." *Cooper*, 437 F.3d at 331. The advisory range is itself one of the § 3553(a) factors and, "by the time an appeals court is considering a within-Guidelines sentence on review, both the sentencing judge and the Sentencing Commission will have reached the same

13

conclusion as to the proper sentence in the particular case. That double determination significantly increases the likelihood that the sentence is a reasonable one." *Rita*, 551 U.S. at 347.

Furthermore, contrary to Mgbolu's contention, the record demonstrates his sentence was based upon the court's holistic assessment of the § 3553(a) factors and not "primarily on the concept that [he] had already benefitted from the plea agreement." Appellant's Br. at 27. Mgbolu again attempts to draw parallels to our decision in *Olhovsky*, but here the court made only one reference to the charge bargain and the sentencing transcript convinces us that the court did not "lo[se] sight of the offender," 562 F.3d at 547, but actually took great care to consider the unique circumstances of Mgbolu's case. Indeed, and as the court recognized, Mgbolu overcame unique struggles in his personal history. But the court was entitled to weigh this against the serious extent of his fraud and the magnitude of the harm Mgbolu's crime created. We see no abuse of discretion in the court's Guideline sentence.

**IV.**

Because Mgbolu has not demonstrated that the sentence was procedurally or substantively unreasonable, we will affirm the judgement of conviction and sentence.